**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNEIKA THOMAS,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

Case No. 2:26-cv-02319-APG-BNW

**ORDER**

Before this Court is Defendant Transunion's Motion to Stay Discovery. ECF No. 22. Defendant Experian joined. ECF No. 25. Plaintiff opposed the motion (ECF No. 24) and Defendant replied (ECF No. 28). The Court held a hearing on October 26, 2026. The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order.

## I. Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004).

This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Nevertheless, the issues presented here are simple enough where the test can be easily applied.

## II. Analysis

At the outset, this Court notes neither party argues that the pending motions to dismiss require discovery for their resolution. The question, then, is whether there is good cause to stay discovery.

### A. Preliminary peek

As explained above, applying the preliminary peek test as written rarely results in a stay, because the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim. *Schrader*, 2021 WL 4810324, at *3–4. This case is one of the few in which that standard is met. Having taken a preliminary peek at the motions to dismiss and the complaint, this Court is convinced that Plaintiff has not stated a claim against any Defendant.

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). The court is "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Pro se pleadings are construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The application of this legal standard to the complaint convinced this court that Plaintiff has not alleged a claim. It will be for the district judge to decide, ultimately, whether any of the claims will be dismissed.

**1. 15 U.S.C. § 1681c-2**

Section 1681c-2 of the Fair Credit Reporting Act ("FCRA") requires a consumer reporting agency to block reported information in a consumer's file that the consumer has identified as resulting from identity theft. 15 U.S.C. § 1681c-2(a). The agency's duty to block is triggered upon receipt of "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer." *Id.*

Plaintiff does not allege that she sent each Defendant the items § 1681c-2(a) requires. The exhibits show that each Defendant responded by requesting additional information. In addition, two of the accounts Plaintiff seeks to block—MOHELA/Earnest and PatientFi/Launch—do not

appear in any of her dispute documents. Plaintiff therefore has not alleged all necessary facts to support this claim.[1]

**2. 15 U.S.C. § 1681e(b)**

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

To state a claim, a plaintiff must allege, among other things, that the inaccuracy in her report resulted from the agency's failure to follow reasonable procedures. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Plaintiff does not allege how any of the Defendants failed to follow reasonable procedures. Plaintiff therefore has not alleged all necessary facts to support this claim.

**3. 15 U.S.C. § 1681**

Section 1681 is the FCRA's statement of congressional findings and purpose. 15 U.S.C. § 1681. It imposes no duty on consumer reporting agencies and creates no cause of action. The Court therefore treats Plaintiff's citation to § 1681 as subsumed within her other FCRA claims.

**4. 15 U.S.C. § 1681g**

Section 1681g provides, in relevant part, that "[e]very consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).

Plaintiff alleges no facts showing that she requested disclosure of her file from any Defendant or that any Defendant failed to provide it. To the contrary, it appears she reviewed her reports from all three Defendants. Plaintiff therefore has not alleged all necessary facts to support this claim.

---

[1] To the extent Plaintiff contends that she also alleged violations of FCRA § 605(a) and (b), her complaint does not support that reading. Section 605 of the FCRA, codified at 15 U.S.C. § 1681c, limits the reporting of obsolete information, such as accounts placed for collection or charged off more than seven years earlier. Plaintiff's complaint instead invokes "FCRA Section 605B (15 U.S.C. § 1681c-2)," which is the identity-theft block provision addressed above. The facts she alleges likewise concern accounts she says resulted from identity theft, not obsolete information. This Court therefore construes the complaint as asserting a claim under § 1681c-2, not § 1681c.

**5. Defamation**

Plaintiff also lists defamation. Section 1681h(e) of the FCRA bars defamation claims against a consumer reporting agency "based on information disclosed pursuant to" § 1681g, among other provisions, "except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiff alleges no malice or willful intent.

In the alternative, she must allege that Defendants willfully or negligently failed to comply with the statute. 15 U.S.C. §§ 1681n, 1681o. She alleges neither.

Lastly, to the extent she intends to state this as a claim based on Nevada law, Plaintiff must first show that she can state a federal claim in order for this Court to elect to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

In short, Plaintiff has not alleged all necessary facts to support this claim.

**6. 15 U.S.C. § 1692**

To be liable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., a defendant must be a "debt collector." *See* 15 U.S.C. § 1692(e). Defendants are not debt collectors; they are consumer reporting agencies. *See Spencer v. Experian*, No. CV 23-65-H-BMM-KLD, 2024 WL 6821328 (D. Mont. Mar. 14, 2024), *report and recommendation adopted*, No. CV-23-65-H-BMM, 2024 WL 2892447 (D. Mont. Apr. 22, 2024). Plaintiff therefore has not alleged all necessary facts to support this claim.

**7. Fair Credit Billing Act**

Plaintiff invokes the Fair Credit Billing Act ("FCBA") but does not identify any specific provision. The FCBA, codified at 15 U.S.C. §§ 1666–1666j, governs how a creditor must respond when a consumer gives written notice of a billing error on an open-end credit account. *See* 15 U.S.C. § 1666(a). But Experian, TransUnion, and Equifax are consumer reporting agencies, not creditors. *See* 15 U.S.C. § 1602(g). Plaintiff therefore has not alleged all necessary facts to support this claim.

//

//

**8. Truth in Lending Act**

Plaintiff also invokes the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. TILA imposes civil liability on a "creditor" that fails to comply with its requirements. 15 U.S.C. § 1640(a). Again, Defendants are consumer reporting agencies, not creditors. Plaintiff therefore has not alleged all necessary facts to support this claim.

**9. 15 U.S.C. § 1691**

The Equal Credit Opportunity Act ("ECOA") prohibits a creditor from discriminating against an applicant for credit, and it imposes liability only on creditors. 15 U.S.C. §§ 1691(a), 1691e(a). Again, Experian, TransUnion, and Equifax are consumer reporting agencies, not creditors. *See* 15 U.S.C. § 1691a(e). Plaintiff therefore has not alleged all necessary facts to support this claim.

**B. Good cause**

Because this Court is convinced, after its preliminary peek, that Plaintiff has not stated a claim, good cause exists to stay discovery. Under the guidance of Rule 1, it is more just to delay discovery to accomplish the inexpensive determination of this case than to have the parties proceed with discovery on claims that, as currently pleaded, do not state a claim. *Tradebay*, 278 F.R.D. at 603.

Plaintiff asks, in the alternative, that any stay last only until the motion to dismiss is decided. This Court grants that request. Discovery is stayed only until the district judge rules on the motion to dismiss.

//

//

//

**C. Conclusion**

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if any claim survives the motion to dismiss, the parties must file a proposed discovery plan and scheduling order within 14 days of the order resolving that motion.

DATED: October 26, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE